UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRELL BROUGHTON,

                Plaintiff,

-against-

VW CREDIT; FINEST AUTOMOTIVE & RECOVERY INC.,

                Defendants.

23-CV-4884 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action invoking the Court's federal question jurisdiction and alleging that Defendant V.W. Credit Volkswagen violated his rights. On August 28, 2023, the Court dismissed the complaint for failure to state a claim, finding that it did not comply with federal pleading rules, but granted Plaintiff leave to replead his claims in an amended complaint. Plaintiff filed an amended complaint on October 27, 2023, which the Court has reviewed. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

      Plaintiff filed his original pleading using the court's general complaint form. He named V.W. Credit Volkswagen as the sole defendant, invoked the court's federal question jurisdiction, and, in response to the question on the form asking which of his federal constitutional or federal statutory rights had been violated, he wrote "multiple law's I have documentation (proof)." (ECF 1, at 2.) In the statement of facts section, Plaintiff did not provide any facts, only claiming that he "could not make certain doctor apointment's and missed jobs apointments." In the relief section, he asserted "breach of peace." (*Id*. at 6.) Plaintiff attached to the original complaint several documents relating to debt collection on an auto loan, some of which were letters from Plaintiff

to VW Credit disputing the auto loan debt and demanding that the company cease further contact under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.[1]

In the August 28, 2023 order, the Court found that because Plaintiff did not plead any facts in the complaint describing any conduct on the part of Defendant, he had failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement giving a defendant fair notice of a plaintiff's claims and the grounds on which they rest. In fact, although the attachments to the complaint suggested that Plaintiff was attempting to bring claims arising out of a disputed auto loan, he had provided so few facts that the Court could not discern the nature of the claims he was attempting to assert. Because Plaintiff had not articulated a viable legal claim, the Court dismissed the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).The Court, however, granted Plaintiff leave to replead his claims in an amended complaint, noting that if he was attempting to assert a claim under the FDCPA, he must allege facts in the amended complaint indicating that the disputed debt arises from a consumer transaction as defined by the FDCPA, and that Defendant is a debt collector within the meaning of the statute, who engaged in acts prohibited by the statute.

---

[1] The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction."). The FDCPA prohibits those who qualify as "debt collectors" from using deceptive and misleading practices, 15 U.S.C. § 1692e, or engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The FDCPA defines a debt collector as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. 15 U.S.C. § 1692a(6).

2

In the amended complaint, Plaintiff names VW Credit and Finest Automotive & Recovery Inc. ("Finest Automotive"), which appears to be a towing company, as Defendants. He asserts breach of contract claims and violation of "UCC Codes," "HJR 192," "Public Law 73-10," the "Federal Reserve Act," "Federal Banking Laws," and the "Security Exchange Commission Regulations." (ECF 6, at 3.) Plaintiff alleges that he entered a contract with VW Credit for the purchase of a 2022 Audi, but that the contract became "null and void" because of VW Credit's "failure to disclose to [him] the option of claiming 80% (eighty percent) of the security interest of the car note pursuant to the Security Exchange Regulations." (*Id*. at 2, 4.) On February 9, 2023, however, Finest Automotive "illegally seized and repossessed" the vehicle in violation of "New York Code Annotated § 11-9-609, which states that a secured creditor may only repossess or seize the collateral of a debtor if there is no breach of peace involved in the process." (*Id*. at 4.) Plaintiff claims that Finest Automotive "breached the peace" by ignoring his requests to wait for an attorney to arrive to supervise the towing of the vehicle. (*Id*.) He further asserts that because VW Credit and Finest Automotive did not have an "official lien with the NY Department of State pursuant to the Federal Uniform Commercial Codes," they had no legal standing to repossess the vehicle. Plaintiff also contends that Defendants violate "UCC § 9-610" and breached the contract by repossessing the vehicle without giving him proper notice or going to arbitration as required by the contract. He claims that as a result of Defendants' actions, he has suffered financial injury, and he seeks free and clear title to the vehicle, discharge of the debt, and money damages.[2]

---

[2] Plaintiff has filed another complaint in this court in which he named a different defendant, but appears to assert claims that may be related to this one. *See Broughton v. Truist Bank*, ECF 1:23-CV-6042, 1 (S.D.N.Y. filed July 13, 2023). On January 3, 2024, the Court dismissed that complaint, but granted Plaintiff 30 days' leave to replead his claims in an amended complaint. ECF 1:23-CV-6042, 5.

3

Plaintiff attaches to the amended complaint 22 pages of documents, most of which appear to be communications between Plaintiff and VW Credit relating to the car loan and complaints and other documents addressed to state courts in the States of New York and Washington.[3] The documents include a notice from VW Credit to Plaintiff dated September 6, 2023, stating that Plaintiff had an unpaid balance for the vehicle loan and repossession expenses totaling $21,426.82, and that VW Credit intended to retain the repossessed vehicle as collateral in satisfaction of the amounts owed. (*Id*. at 8.)

## DISCUSSION

**A.   Federal Claims**

Plaintiff makes it clear in the amended complaint that he seeks free and clear title to the repossessed vehicle and discharge of his debt, along with money damages for alleged financial injury that Defendants caused him to suffer. Plaintiff premises his federal claims on Defendants' alleged violations of "HJR 192" and "Public Law 73-10" – which reference the same statutory provision – and the "Federal Reserve Act," "Federal Banking Laws," and the "Security Exchange Commission Regulations."[4] (ECF 6, at 2.)

The Court first considers Plaintiff's assertion that Defendants violated HJR 192, which refers to House Joint Resolution 192 of 1933, enacted by Pub. L. No. 73–10, 48 Stat. 112–13 (1933). The statutory provision was adopted by Congress to prohibit contracts that demand payment in gold; the resolution suspended the gold standard in the United States.[5] *See* H.J.R.

---

[3] The Court was unable to find any state-court litigation concerning the repossession of Plaintiff's car.

[4] While some of Plaintiff's attachments to the amended complaint refer to the FDCPA, he alleges no facts suggesting that he is bringing a claim under the statute.

[5] HJR 192, titled, "To assure uniform value to the coins and currencies of the United States," states that obligations requiring payment "in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby" are against public

4

192, 73d Cong. (1933). Plaintiff's citation to HJR 192 is seemingly a reference to "vapor money," "unlawful money" or "redemption" theories which are based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, 'the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'" *Green v. Pryce*, No. 15-CV-3527, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015) (citation omitted) (collecting cases). These theories are commonly used in efforts to avoid legitimate debts and courts have largely rejected relief based on HJR 192. *See McLaughlin v. CitiMortgage, Inc.,* 726 F. Supp. 2d 201, 214 (D. Conn. 2010) (collecting cases). Because Plaintiff does not allege any facts suggesting that HJR 192 applies to Defendants' alleged actions, his claims under HJR 192 must be dismissed as lacking an arguable legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff also asserts unspecified claims under the Federal Reserve Act, Federal Banking Laws, and the Security Exchange Commission Regulations. Because Plaintiff does not allege any facts indicating how these statutes are applicable to his claims, the Court finds that he has failed to state claims under these laws on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.   State Law Claims**

Plaintiff asserts state law claims against Defendants, including breach of contract and violation of the Uniform Commercial Code ("UCC").[6] A district court, however, may decline to

---

policy, and that U.S. currency is legal tender for all debts. *See* H.J.R. Res. 192, 73d Cong. (1933).

[6] Plaintiff refers to the UCC as if it is a federal law. The UCC, however, is not a federal law but rather a set of model laws governing commercial transactions in the United States that have been adopted separately by the states. *See Kemp v. United States*, 124 Fed. Cl. 387, 393

exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."⁷ 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.    Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

---

(2015); *Moss v. Stanley*, No. 8:20-CV-3194, 2020 WL 6111002, at *2 (D.S.C. October 16, 2020); *Dillard v. BMW Fin. Servs. NA, LLC*, No. GJH-19-1191, 2020 WL 869223, at *2 (D. Md. February 20, 2020)

⁷ Plaintiff does not allege facts suggesting that his state law claims fall under the Court's diversity of citizenship jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff fails to allege facts demonstrating diversity of citizenship because it appears that both he and Defendant Finest Automotive are citizens of New York, precluding diversity jurisdiction.

Plaintiff's amended complaint does not suggest that he could bring viable claims with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action because it lacks an arguable legal basis, fails to state a claim on which relief may be granted, and is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   May 6, 2024
           New York, New York

                                            /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge